IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TAMMY HORVATH, | ) | Case No. 3:18-cv-84 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| GLOBE LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is Plaintiff Tammy Horvath's ("Plaintiff") Motion to Compel Defendant's Answers to Interrogatories (ECF No. 27). The Motion is fully briefed (ECF Nos. 27, 30) and is ripe for disposition. For the reasons that follow, Plaintiff's Motion is **DENIED**.

### II. Jurisdiction & Venue

The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of a different state than Defendant and the amount in controversy exceeds $75,000. (ECF No. 1 ¶¶ 1-3.)

Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391(b)(2), as a substantial portion of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III. Background[1]

In January 2016, Plaintiff completed a Globe Life and Accident Insurance Company ("Defendant") life insurance application, seeking to insure her son, Luke J. Yuzwa. (ECF No. 1 ¶ 5.) In March 2016, Plaintiff completed an additional life insurance application through Defendant, again naming Mr. Yuzwa as the proposed insured. (*Id.* ¶ 6.)

Both the January and March 2016 applications asked the following two questions regarding Mr. Yuzwa's prior medical conditions:

> 4. To the best of your knowledge and belief:
>
> (a) Within the past 3 years, have any of the Proposed Insured(s) had any chronic illness or condition which requires periodic medical care?
>
> (b) Have any of the Proposed Insured(s) ever been medically diagnosed or treated by a Physician for Acquired Immune Deficiency Syndrome (AIDS)?

(*Id.* ¶ 8.) When filling out the applications, Plaintiff answered "no" to these two questions. (*Id.* ¶ 9.) Plaintiff alleges that she answered these questions truthfully and to the best of her ability based on her understanding of the questions. (*Id.* ¶ 10.)

Both applications were approved by Defendant, and in February 2016, Defendant issued two life insurance policies to Plaintiff on behalf of Mr. Yuzwa. (*Id.* ¶¶ 12, 15.) Plaintiff alleges that she timely paid the premiums for these policies. (*Id.* ¶¶ 14, 17.)

On August 2, 2017, Mr. Yuzwa was murdered. (*Id.* ¶ 18.)

At the time of Mr. Yuzwa's death, Plaintiff had paid all premiums due on the insurance policies and both policies were in full force and effect. (*Id.* ¶ 20.) Plaintiff submitted claims for

---

[1] The factual information in this Background comes from Plaintiff's Complaint (ECF No. 1) unless otherwise indicated.

2

the life insurance benefits under the policies (*id.* ¶ 21), but Defendant denied Plaintiff's claims (*id.* ¶ 28). Defendant alleged that Plaintiff misrepresented Mr. Yuzwa's health conditions in response to question 4(a) on the life insurance applications. (*Id.* ¶¶ 29-30.) Specifically, Defendant claimed that "Luke Yuzwa has a significant undisclosed health history within three years prior to the policy application date." (ECF No. 1-7.) According to Defendant, this significant health history included marijuana dependency.[2]

On April 26, 2018, Plaintiff filed suit against Defendant, bringing claims for breach of contract and bad faith. (*See generally* ECF No. 1.) On February 4, 2019, Plaintiff filed the present Motion to Compel Defendant's Answers to Interrogatories (ECF No. 27).

In her Motion, Plaintiff seeks to compel responses to Interrogatories #12, #15, and #19 of Plaintiff's First Set of Interrogatories.[3] (ECF No. 27 at 7.) Generally, Defendant objected to these interrogatories because they seek information regarding insurance claims other than the claims at issue in this case. (*Id.* ¶¶ 11, 14, 18.) However, Plaintiff argues that information regarding other claims is relevant to materiality. (*Id.* ¶¶ 12-15, 19-20.) Specifically, Plaintiff brings claims against Defendant based in part on Defendant's rescission of Plaintiff's life insurance policies. (*See* ECF No. 1 ¶¶ 28-32; ECF No. 1-6 at 2.) In order for Defendant's rescission to be proper, Defendant must show that it reasonably believed that "(1) the insurance application contained a misrepresentation; (2) the misrepresentation was material to the risk being insured; and (3) the

---

[2] This information comes from Defendant's Answer with Affirmative Defenses (ECF No. 6 at 17-18), Defendant's Concise Statement of Material Facts in support of its Motion for Partial Summary Judgment (ECF No. 22 ¶¶ 40-46), and Defendant's brief in support thereof (ECF No. 21 at 9). In its brief, Defendant argues that Plaintiff's failure to mention this health condition on the life insurance applications was material to its decision to insure Mr. Yuzwa. (*Id.* at 10.)

[3] Plaintiff also sought to compel a response to Interrogatory #7, but it appears that the parties have resolved their dispute with regard to Interrogatory #7. (*See* ECF No. 27-2 at 1; ECF No. 27-3 at 1; ECF No. 30 at 1-2.)

3

insured knew that the representation was false when made or the insured made the representation in bad faith." *See Adams v. Reassure Am. Life. Ins. Co.*, No. Civ. 3CV010319, 2003 WL 23018922, at *8 (M.D. Pa. Mar. 31, 2003) (citing *Jung v. Nationwide Mut. Fire Ins. Co.*, 949 F. Supp. 353, 356 (E.D. Pa. 1997)). Thus, Plaintiff asserts that the interrogatories at issue seek information relevant to the materiality of Plaintiff's purported misrepresentation.

In response, Defendant denies that other claims are relevant to materiality and asserts that the interrogatories at issue are overly broad. (ECF No. 30 at 6-8, 11-12.)

## IV. Legal Standard

Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, the

4

burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

V. Discussion

   A. The Court denies Plaintiff's Motion to Compel with respect to Interrogatory #12.

The first interrogatory in dispute is Interrogatory #12. The interrogatory and Defendant's response thereto are as follows:

> INTERROGATORY NO. 12: Has GLOBE ever been sued for bad faith insurance practices in the past ten (10) years and/or if not actually sued, has GLOBE ever had an informal complaint or grievance made against it alleging bad faith insurance practices arising from its handling of death benefit claim [*sic*] in the State of Pennsylvania in the past ten (10) years? If so, for each suit and/or informal complaint or grievance provide the following information:
>
> (a) If suit was filed, provide the case caption and identify the Court in which the suit was filed and provide the names, addresses and telephone numbers of the attorneys representing the parties in each such suit and the names and addresses of the parties to each such suit; and
>
> (b) If suit was not filed but an informal complaint and/or grievance was merely received, identify by name, address and telephone number, the individual filing each informal complaint or grievance and describe with particularity how each such complaint and/or grievance was resolved.
>
> **ANSWER: Objection. Defendant objects to the discovery of information regarding claims other than the one at issue. This issue was addressed in Graham v. Progressive Direct Ins. Co., 2010 U.S. Dist. LEXIS 79402 (W.D. Pa. 2010). In Graham, the court stated: "the majority of the opinions addressing this issue disfavor the discovery of similar claims evidence in bad faith cases."**

> Furthermore, to the extent such discovery seeks information regarding claims other than Plaintiff's claim, allowing discovery would constitute a violation of Nationwide's procedural due process protections afforded it by [the] United States Constitution, which relieves a defendant facing punitive damages from having to defend against claims involving non-parties. See, Phillip Morris USA v. Williams, 127 S.Ct. 1057, 1063 (2006).

(ECF No. 27-1 at 13-14.)

Plaintiff argues that Interrogatory #12 is appropriate because it requests information going to the issue of materiality. (ECF No. 27 ¶ 13.) Moreover, according to Plaintiff, Defendant's citation to *Graham* is inapposite as "[n]othing in *Graham* states that requests regarding prior claims information is never permitted." (*Id.*)

In response, Defendant asserts that federal courts in Pennsylvania have disallowed discovery of other bad faith claims in bad faith lawsuits. (ECF No. 30 at 3-5.) Defendant also argues that "Plaintiff's attempt to introduce evidence of alleged harm to persons other than Plaintiff would run afoul of the due process protections afforded Defendant by the United States Constitution." (*Id.* at 5.) Finally, addressing Plaintiff's materiality argument, Defendant contends that (1) the information Plaintiff seeks with Interrogatory #12 is not relevant to materiality; (2) discovery regarding other bad faith claims is unnecessary because Plaintiff's misrepresentations were material as a matter of law and Defendant has already produced underwriting guidelines establishing materiality; and (3) Interrogatory #12 is overly broad. (*Id.* at 6-9.)

There are numerous problems with Interrogatory #12. First, the relevance of the information sought is limited at best. While Plaintiff argues that "Interrogatory #12 requests information regarding prior claims against [Defendant] for bad faith insurance practices to address the issue of materiality applicable to this case" (ECF No. 27 ¶ 13), Plaintiff does not

6

explain how information regarding other bad faith claims against Defendant is relevant to materiality in this case. And the Court fails to see the connection between other bad faith claims against Defendant and the issue of materiality here, particularly considering the myriad of potential factual differences between other claims and the present claim, including different types of policies, unique policy language, the application of different states' law, varying circumstances surrounding the bad faith allegations, etc. *See Zettle v. Am. Nat'l Prop. & Cas. Co.*, No. 3:10-cv-307, 2012 WL 2359962, at *1 (W.D. Pa. June 20, 2012) (Gibson, J.) (stating that discovery of other claims in bad faith cases is generally improper because such information is irrelevant); *McCrink v. Peoples Benefit Life Ins. Co.*, No. Civ. A. 2:04CV01068LDD, 2004 WL 2743420, at *6 (E.D. Pa. Nov. 29, 2004) (explaining that information regarding other bad faith cases would likely be irrelevant, "particularly because insurance litigation rests upon particular factual circumstances, which are likely to differ significantly from case to case"); *Kaufman v. Nationwide Mut. Ins. Co.*, No. CIV. A. 97-1114, 1997 WL 703175, at *2 (E.D. Pa. Nov. 12, 1997) (denying the plaintiff's motion to compel to the extent the plaintiff sought information regarding other bad faith cases filed against the insurer, as "[t]his court agrees with Judge Bartle that '[t]hese prior bad faith cases, if any, will necessarily involve totally different facts and circumstances from those present here' and, therefore, are irrelevant to the bad faith action before the court" (second alteration in original) (quoting *North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995))).

Moreover, while this Court agrees with Plaintiff that *Graham* does not state that prior claims information is never discoverable (ECF No. 27 ¶ 12), the *Graham* court does identify the general rule that courts in the Third Circuit "disfavor the discovery of similar claims evidence in

bad faith cases."[4] *Graham v. Progressive Direct Ins. Co.*, Civil Action No. 09-969, 2010 WL 3092684, at *1 (W.D. Pa. Aug. 6, 2010); *see, e.g., Stephens v. State Farm Fire & Cas. Co.*, Civil No. 1:14-cv-160, 2015 WL 1638516, at *5-6 (M.D. Pa. Apr. 13, 2015) ("[C]ourts have frequently rejected sweeping demands for wholesale disclosure of other litigation over the span of many years."); *Zettle*, 2012 WL 2359962, at *1 ("[C]ourts in this district have held that discovery of other insureds' claims in bad faith cases is generally improper, as such information is irrelevant." (citing *Graham*, 2010 WL 3092684, at *1)); *Santer v. Teachers Ins. & Annuity Ass'n*, Civil Action No. 06-CV-1863, 2008 WL 755774, at *2, *9-10 (E.D. Pa. Mar. 19, 2008) (explaining that "[l]imiting discovery to the practices applied to the individual plaintiff is the preferable approach" and only allowing discovery of other insurance claims to the extent that those claims involved particular bad faith practices that were allegedly applied to the plaintiff); *McCrink*, 2004 WL 2743420, at *6 ("Courts within the Third Circuit generally refuse to permit discovery of previous lawsuits filed against insurance companies concerning the disputed policy provisions at issue in the current bad faith litigation."); *N. River. Ins. Co.*, 872 F. Supp. at 1412 ("These prior bad faith cases, if any, will necessarily involve totally different facts and circumstances from those present here. Such information . . . is highly unlikely to have any relevance . . . . Any discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned."). The Court finds this case law to be persuasive as applied to Interrogatory #12.

---

[4] Moreover, in spite of Plaintiff's criticism that *Graham* cites to "non-binding, non-precedential district court opinions from the Eastern District of Pennsylvania" (ECF No. 27 ¶ 12), Plaintiff fails to cite to any binding case law that supports her position that prior bad faith claims are discoverable under the present circumstances. While Plaintiff cites to the Eastern District's opinion in *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169 (E.D. Pa. 2004), *Saldi* is distinguishable because, among other reasons, it involved allegations of a pattern or practice of bad faith conduct on the part of the insurer that justified limited discovery of other bad faith claims and materiality was not at issue. *Id.* at 175-76, 196.

8

Finally, to the extent Plaintiff seeks relevant information through Interrogatory #12, Plaintiff's request is overly broad and unduly burdensome. Plaintiff does not limit the scope of the interrogatory geographically—she seeks all lawsuits regarding bad faith insurance practices over the past ten years, regardless of where the lawsuits were filed or where the policies were entered into. She does not limit the scope to litigation involving life insurance policies or to policy applications involving particular language or circumstances (and, in fact, she does not even limit the scope to litigation, as she also requests information on "informal complaint[s] or grievance[s]"). (ECF No. 27-1 at 13.) And while she does limit her request to claims information for the past ten years, she provides no explanation as to why that time period has been chosen or why a shorter time period would not be adequate. The burden and expense of responding to such a broad interrogatory would be significant and would outweigh the likelihood of identifying relevant information. *See McCrink*, 2004 WL 2743420, at *6 (finding that the burden and expense of producing information regarding all bad faith cases against the defendant concerning the exclusion at issue outweighed the likelihood of finding relevant material); *N. River. Ins. Co.*, 872 F. Supp. at 1412 (discussing the "needless expense and burden" of broad discovery of other bad faith claims).

Thus, the Court will **DENY** Plaintiff's Motion to Compel with respect to Interrogatory #12 because Interrogatory #12 seeks irrelevant information and is overly broad.

**B. The Court denies Plaintiff's Motion to Compel with respect to Interrogatory #15.**

The Court next turns to Plaintiff's request to compel an answer to Interrogatory #15. This interrogatory provides:

INTERROGATORY NO. 15: Has GLOBE sold life insurance policies covering the life of any individuals who suffered from a drug or alcohol addition [*sic*] of any type? If so, how many such policies have been sold.

ANSWER: Objection. This Interrogatory seeks information regarding insurance policies that have no relevance to any claims set forth in the Complaint, and, therefore, is overly broad and seeks information that is irrelevant and unlikely to lead to the production of admissible evidence. Defendant also objects to the discovery of information regarding insureds other than the one at issue. In Graham v. Progressive Direct Ins. Co., 2010 U.S. Dist. LEXIS 79402 (W.D. Pa. 2010), the court stated: "the majority of the opinions addressing this issue disfavor the discovery of similar claims evidence in bad faith cases." Furthermore, to the extent such discovery seeks information regarding claims other than Plaintiff's claim, allowing discovery would constitute a violation of Nationwide's procedural due process protections afforded it by [the] United States Constitution, which relieves a defendant facing punitive damages from having to defend against claims involving non-parties. See, Phillip Morris USA v. Williams, 127 S.Ct. 1057, 1063 (2006).

(ECF No. 27-1 at 15-16.)

While this interrogatory is narrower and facially appears to seek more relevant information than Interrogatory #12, the Court concludes that this request also seeks irrelevant information and is overbroad.

At a glance, Interrogatory #15 appears to seek relevant information. In this lawsuit, Plaintiff brings claims against Defendant based in part on Defendant's rescission of Plaintiff's life insurance policies. (*See* ECF No. 1 ¶¶ 28-32; ECF No. 1-6 at 2.) In order for Defendant's rescission to be proper, Defendant must have reasonably believed that the insurance application contained a material misrepresentation. *See Adams*, 2003 WL 23018922, at *8 (citing *Jung*, 949 F. Supp. at 356). Defendant claims in part that Plaintiff misrepresented Mr. Yuzwa's health conditions on the insurance applications by failing to include information regarding his alleged drug dependency. (*See* ECF No. 6 at 17; ECF No. 21 at 9.) Defendant also asserts that this misrepresentation was material to the risk Defendant assumed. (ECF No. 6 at 17-18; ECF No. 21

10

at 9-11.) Thus, according to Plaintiff, any evidence that Defendant sold life insurance policies covering the lives of individuals who suffered from drug dependency would make it less probable that a misrepresentation regarding drug dependency would have been material to Defendant's decision to insure Mr. Yuzwa.

However, digging deeper into the definition of "materiality," Defendant argues that "[w]hether Defendant would have issued a policy does not—as Plaintiff's argument suggests—disprove that Plaintiff's misrepresentations were material." (ECF No. 30 at 11.) Defendant explains that a misrepresentation is material "if knowledge or ignorance of it would influence the decision of the issuing insurer to issue the policy, or the ability of the insurer to evaluate the degree and character of risk, or the determination of the appropriate premium rate."[5] (ECF No. 30 at 11 (quoting *Adams*, 2003 WL 23018922, at *8).) Therefore, regardless of whether Defendant previously issued policies insuring those who suffered from drug addiction, the drug addiction still could have been material in that it affected Defendant's evaluation of the risk or determination of the policy's premium.

The Court agrees with Defendant. If, for example, Defendant answered Interrogatory #15 by indicating that it has sold 50 life insurance policies covering individuals who suffered from drug addiction, this information would not suggest that drug addiction was not a material consideration for Defendant. Drug addiction may not have been a significant enough factor to prevent Defendant from issuing the policies, but it still could have influenced Defendant's

---

[5] This is a proper statement of the rule. *See Westport Ins. Corp. v. Hippo Fleming & Pertile Law Offices*, CIVIL ACTION NO. 3:15-cv-251, 2018 WL 4705780, at *12 (W.D. Pa. Oct. 1, 2018) (Gibson, J.) ("A misrepresentation on an insurance application is material if the 'information would influence the decision of an issuer in the issuance of a policy, assessing the nature of the risk, or setting premium rates." (quoting *A.G. Allebach, Inc. v. Hurley*, 540 A.2d 289, 294-95 (Pa. Super. Ct. 1988))).

11

evaluation of the risks and setting of premium rates. Therefore, Interrogatory #15 seeks irrelevant information in that evidence of Defendant issuing policies to those suffering from drug addiction does not suggest that drug addiction is immaterial.

This conclusion is again related to the fact-sensitive nature of insurance coverage decisions. With myriad factors at play in coverage decisions, it is difficult for this Court to find other claims to be relevant to the current dispute because other claims usually involve different factual circumstances. *See Zettle*, 2012 WL 2359962, at *1; *McCrink*, 2004 WL 2743420, at *6 (refusing to compel discovery of other claims information as "most of this information is likely to be irrelevant, particularly because insurance litigation rests upon particular factual circumstances, which are likely to differ significantly from case to case"). Although Interrogatory #15 is narrower than Interrogatory #12, it suffers from the same flaw in that it seeks information on a large category of prior claims without recognizing the numerous factual differences between the present claim and prior claims.

Moreover, Interrogatory #15 is also overbroad. While Plaintiff limits Interrogatory #15 to the number of life insurance policies Defendant has issued covering individuals who suffered from drug or alcohol addiction, Interrogatory #15 still does not have any temporal or geographic limitations. It also does not limit the information sought to claims involving similar application language. The broad nature of the request increases the likely burden and expense on Defendant and reduces the likelihood of leading to relevant information.

Thus, the Court will **DENY** the Motion to Compel as it relates to Interrogatory #15.

C. **The Court denies Plaintiff's Motion to Compel with respect to Interrogatory #19.**

The final interrogatory at issue is Interrogatory #19, which provides:

INTERROGATORY NO. 19: For each of the past ten (10) years, identify the number of policy applications GLOBE has denied on the basis that the insured life suffered from a drug or alcohol addition [*sic*] of any type and/or had been diagnosed as suffering from a drug or alcohol addiction of any type?

**ANSWER:** **Objection. Defendant objects to the discovery of information regarding claims other than the one at issue. This issue was addressed in Graham v. Progressive Direct Ins. Co., 2010 U.S. Dist. LEXIS 79402 (W.D. Pa. 2010). In Graham, the court stated: "the majority of the opinions addressing this issue disfavor the discovery of similar claims evidence in bad faith cases." Furthermore, to the extent such discovery seeks information regarding claims other than Plaintiff's claim, allowing discovery would constitute a violation of Nationwide's procedural due process protections afforded it by [the] United States Constitution, which relieves a defendant facing punitive damages from having to defend against claims involving non-parties. See, Phillip Morris USA v. Williams, 127 S.Ct. 1057, 1063 (2006).**

(ECF No. 27-1 at 17.)

Interrogatory #19 suffers from similar flaws as Interrogatory #12 and Interrogatory #15. Information on denials of past policy applications based on "drug or alcohol addi[c]tion of any type" will not necessarily be relevant to the materiality of Mr. Yuzwa's purported dependency in this case. As explained above, insurance coverage decisions are based on the particular facts and circumstances of each case—denial of a past application based on an opioid addiction does not mean that the marijuana dependency at issue here was necessarily material to Defendant's insurance coverage decision, for example.

Furthermore, Interrogatory #19 is also overbroad. The broad nature of the request increases the likely burden and expense on Defendant of answering and reduces the likelihood of Plaintiff discovering relevant information.

Thus, the Court will **DENY** Plaintiff's Motion to Compel with respect to Interrogatory #19.

13

## VI.    Conclusion

Based on the foregoing, the Court concludes that Interrogatories #12, #15, and #19 do not seek relevant information and are overbroad. The Court therefore **DENIES** Plaintiff's Motion to Compel Defendant's Answers to Interrogatories (ECF No. 27).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY HORVATH, | ) | Case No. 3:18-cv-84 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| GLOBE LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 28th day of February, 2019, in consideration of Plaintiff's Motion to Compel Defendant's Answers to Interrogatories (ECF No. 27) and Defendant's response thereto (ECF No. 30), it is **HEREBY ORDERED** that Plaintiff's Motion to Compel Defendant's Answers to Interrogatories is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE